Docusign Envelope ID: D0427790-D738-81F3-8193-DFB9AA4EB3A7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

ERICA BROWN,

Intervenor,

v.

RENOVATION FLOORING, LLC, and PAYFIN ENTERPRISES, LLC,

Defendants.

Civil Action No. 3:25-cv-01758-MCR-ZCB

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission ("Commission" or the "EEOC") and Renovation Flooring, LLC and Payfin Enterprises, LLC ("Defendants") (collectively "Parties").

## INTRODUCTION

1. The EEOC filed this action on September 25, 2025, under Title VII of the Civil Rights Act of 1964 to correct alleged unlawful sex-based and retaliatory employment practices and to provide appropriate relief to Charging Party Erica Brown and a class of female employees who were allegedly adversely affected by such practices.

2. EEOC alleges that Defendants violated Title VII by subjecting Charging Party and a class of female employees to a sexually hostile work environment based on their sex. EEOC further alleges that Charging Party was subjected to a retaliatory hostile work environment and was constructively discharged on the basis of her sex. Defendants deny the allegations in the EEOC's Complaint.

3. In the interest of resolving this matter, to avoid further costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

4. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect.

6. This Decree fully and finally resolves the claims asserted in the litigation filed by the EEOC styled *EEOC v. Renovation Flooring LLC et al.*, Case No: 3:25-cv-01758-MCR-ZCB in the United States District Court, Northern District of Florida, which arose from EEOC Charge Number 511-2024-07610..

7. The "Effective Date" of this Decree is the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

8. This Decree does not resolve any charges of discrimination that may be pending with the EEOC against Defendants other than EEOC Charge Number 510-2024-07610. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later be filed against Defendants in accordance with standard EEOC procedures..

9. Nothing in this Decree shall be construed to limit or reduce Defendants' obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), the Genetic Information Nondiscrimination Act of 2008 ("GINA), 42 U.S.C. § 2000f et seq.,

and the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. §§ 2000gg et seq.

## FINDINGS

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a. This Court has jurisdiction over the subject matter of this action and the Parties;

b. This Court will retain jurisdiction for the duration of this Decree;

c. No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

d. The terms of this Decree are adequate, reasonable, equitable, and just, and the rights of the Parties and the public interest are adequately protected by this Decree; and

e. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of Defendants.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DURATION OF THE DECREE

11. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of four (4) years after the Decree is entered by the Court (the "Effective Date"), provided, however, that if, at the end of the four (4) year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as those disputes have been resolved.

## MONETARY RELIEF

12. Defendants shall pay total monetary relief of One Hundred and Seventy-Five Thousand Dollars and Zero Cents ($175,000.00) in compensatory and punitive damages to settle the claims ("Settlement Amount") asserted by the EEOC in its Complaint according to the schedule and instructions herein. Defendants shall issue an IRS Form 1099 to Erica Brown and Melanie Gray and shall be sent along with the installment payments. All payments to Ms. Brown shall be mailed overnight to Cruz Law Firm, P.A., and made payable to "Cruz Law Firm, P.A. Trust Account." All payments to Ms. Gray shall be mailed overnight to the address listed on Ms. Gray's W-9. The monetary relief herein is a negotiated compromise so the parties can avoid further costs of litigation. No party admits to the truth of the allegations or defenses raised by

any other party, and this Decree shall not be considered an admission by a party of any violation of law.

13. The Settlement Amount shall be paid according to the installments schedule below:

a. Within thirty (30) calendar days of the Effective Date, Defendants shall pay the FIRST installment of $75,000.00 as follows: $50,000.00 shall be paid to Erica Brown. $25,000.00 shall be paid to Melanie Gray.

b. Within sixty (60) calendar days of the FIRST installment, Defendants shall pay a SECOND installment of $50,000.00 to Erica Brown.

c. Within sixty (60) calendars days of the SECOND installment, Defendants shall pay $50,000.00 to Erica Brown.

14. Proof of the payments shall be sent contemporaneously to the attention of Acting Assistant Regional Attorney Sabarish Neelakanta at sabarish.neelakanta@eeoc.gov and to the following consent decree compliance mailbox at mdoconsentdecreecompliance@eeoc.gov, with the subject line "Renovation Flooring Consent Decree".

15. If the payments are not made in a timely manner as described above, then Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any

additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this Decree in federal court.

16. Acceleration. It is recognized and agreed that this Acceleration clause is a substantial part of the consideration for the signing of this Decree by the EEOC. In the event of non-payment or default of any of the installments above, time being of the essence, the EEOC may, after providing Defendants notice of the default and a five (5) business day opportunity to cure, declare the entire unpaid balance of the amount listed above, immediately due and payable, and proceed to enforce all rights and remedies under law or equity under this Decree, less any payments made. Defendant shall be liable for the full amount of all monetary payments owed under this Agreement, including any fees, costs, interests, and acceleration payments owed.

17. The late or non-conforming tender of any payment by Defendants shall not act to revive, or reinstate, the right to make periodic payments, or the right to a reduced total payment, or to defer payment of the total, and any payments received after the default shall be applied on account of the accrued interest and the balance to principal and without a waiver of the default herein or the right to collect the accelerated balance of the full amount of $175,000.00, less any payments made.

**TAX TREATMENT OF SETTLEMENT AMOUNT**

18. The EEOC's reporting requirements under IRC Sections 162(f) and 6050X. The EEOC may be required to report the fact of this settlement to the

IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

19. Defendants EIN numbers are: Renovation Flooring, LLC (47-2739400); and Payfin Enterprises, LLC (93-3937937).

20. The individual(s) to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is/are: Mike Anderson, 11714 Emerald Coast Pkwy W, Miramar Beach, FL 32550.

21. No Representations or Reliance. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## GENERAL INJUNCTIVE PROVISIONS

22. Defendants, and all of their officers, managers, employees, agents, partners, successors, and assigns, shall not unlawfully subject employees to harassment because of sex, including unwanted physical contact; remarks based on sex; remarks, commentaries, or questions of a sexual nature; offers or requests for sexual favors; and displays of sexual content or media

23. Defendants and all of their officers, managers, employees, agents, partners, successors, and assigns, are enjoined from subjecting applicants and employees to discipline, reduction of work hours, or termination, because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree, including but not limited to Ms. Brown and Ms. Gray.

## INDEPENDENT EEO MONITOR

24. Selection: Within thirty (30) days of entry of this Decree, Defendants shall identify an independent EEO Monitor ("Monitor") with no prior relationship with Defendants, their owners, or employees. Defendants shall provide EEOC with the name and contact information of proposed Monitor and the EEOC shall have five (5) business days to inform Defendants if it disapproves of Defendants' proposed Monitor. The EEOC shall not unreasonably withhold its approval of a proposed Monitor. The Parties shall

repeat this process, if necessary, until the Parties reach an agreement about the Monitor to be selected. If the parties are unable to agree on a Monitor, the proposed Monitors will be presented to the Court for selection. Prior to appointment and/or approval, the Monitor must submit a statement of independence, under oath, confirming that he or she has no prior relationship with Defendants, their owners, or any of its employees.

25. Duties: Defendant shall structure the Monitor's role such that he or she has the authority to:

a. Conduct annual trainings with owners, human resource representatives, managers, and employees as directed by Defendants and required under this Decree;

b. Serve as a reporting channel for any sex-based harassment complaints. To the extent complaints are not reported to the Monitor directly, be notified of all complaints within two (2) business days of receipt;

c. Promptly commence a thorough, independent, and confidential investigation, and complete the investigation, within thirty (30) days, absent extenuating circumstances. Subject to his or her professional judgment, interview the complainant, alleged harasser, and any witnesses privately, and review all appropriate relevant and available documents;

d. Make recommendations to Defendants regarding the appropriate disciplinary or corrective action, if any, that should be taken to resolve the complaint;

e. Maintain detailed written records of all complaints, the investigation of such complaints, and the disposition of such complaints; and

f. Provide post-complaint monitoring, including follow up in thirty (30) and ninety (90) days to ensure that the harassment has stopped and that there is no retaliation.

26. To the fullest extent possible, the Defendants and the Monitor, will keep confidential the identity of any witnesses to harassment. The identity of witnesses may be redacted from any investigative report prepared by the Monitor for Defendants.

27. Within ten (10) days after any investigation concludes, provide recommendations regarding appropriate disciplinary or corrective action, if any, that should be taken to resolve the complaint. Defendant(s) shall either: (1) notify the Monitor that the recommendations have been implemented, and explain the manner in which the recommendations have been implemented; or (2) if Defendant(s) disputes and does not comply with any recommendations of the Monitor, Defendant(s) will advise the Monitor and the EEOC of its decision to not comply with the Monitor's recommendations, along with an explanation

for its decision. Monitor has investigated a complaint, the Monitor will make recommendation

28. Defendants will cooperate with the Monitor to the maximum extent possible to enable the Monitor to fulfill the obligations outlined in this Consent Decree.

29. All costs incurred for the Monitor's services will be paid by Defendants, separately from the amounts paid to Charging Party and Class Member.

30. Nothing contained herein alleviates or mitigates any complainant's obligations to pursue their administrative remedies relating to such complaints, including but not limited to filing the appropriate Charge(s) before the EEOC.

## SEXUAL HARASSMENT POLICY

31. Defendants shall create a new sexual harassment policy (the "Policy") consistent with this Consent Decree.

32. The Policy shall include a formal, written policy addressing allegations of sexual harassment. The procedure must specify the following:

a. The Policy shall include the Monitor's telephone number and email address;

b. Complaints of sex-based harassment and/or retaliation may be made to the Monitor and/or any manager the complainant feels comfortable speaking with.

c. To the extent not made to the Monitor directly, managers will notify the Monitor of all complaints and/or allegations of sex-based harassment, discrimination, and/or retaliation in Defendant's workplaces within two (2) business days. Individuals that fail to advise the Monitor of complaints of sex-based harassment, discrimination, and/or retaliation may be subject to discipline, up to and including termination.

33. The Policy shall be a written policy that makes clear Defendants' commitment to a work environment free of sexual harassment and retaliation. The Policy should empower employees to complain about harassment without the fear of retaliation. As such the Policy must, at minimum:

a. Clearly define prohibited conduct and specifically prohibit sex-based harassment and retaliation.

b. Prohibit sexually harassing conduct at Defendants' stores and offices and state that sexually harassing conduct will not be tolerated from its owners, managers, employees, customers, or any other persons present at any of the Defendants' premises, at any of Defendants' off-site events, or at any place where

Defendants conduct business;

c. Provide examples of prohibited conduct in the workplace, including but not limited to the following:

   i. Verbal: Jokes, insults and innuendoes based on sex; degrading or profane sexual remarks; comments or questions on a person's body or sex life; pressures for sexual favors; and use of inappropriate sexually offensive language.

   ii. Non-Verbal: kissing, massaging, gestures; staring; touching, groping, hugging, and patting; standing too close; brushing against a person's body; displaying sexually suggestive or degrading pictures; displaying or watching sexually suggestive or degrading videos, including but not limited to pornography.

d. Expressly provide that a report need not be made to the alleged harasser or his or her family member;

e. Assure that Defendant will commence a thorough, independent, and confidential investigation, and complete the investigation, within thirty (30) days, absent extenuating circumstances.

f. Expressly provide that Defendant will follow up with individuals that make a complaint of sex-based harassment,

discrimination, or retaliation in thirty (30) and ninety (90) days to ensure that the harassment has stopped and that there is no retaliation.

g. Assure that if an allegation of harassment or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including removal from managerial and/or human resources duties/roles, removal from the work-site, and or discharge.

34. A Copy of the Policy will be provided to the EEOC for review within thirty (30) days of the Effective Date. Thereafter, copies of the Policy will be distributed to each of Defendant's employees and managers within sixty (60) days of the Effective Date.

35. A copy of the Policy shall also be included in any relevant employee manual or handbook maintained by Defendants. The Policy will also be kept and maintained in paper format in a conspicuous and accessible place on the premises of each store or office space for all employees of Defendants and printed in a font that is easily legible (at least 11-point font).

36. New employees will receive and acknowledge written receipt of a copy of the Policy on their first day of work.

**TRAINING**

37. The Monitor shall provide training to Defendants' owners, all

managers, and all employees consisting of one hour of live training on an annual basis during the term of this Decree (the "Owner/Manager Training") as provided herein.

38. Owner Training: Within the first ninety (90) days of the Effective Date, Defendant's owner Mike Anderson shall receive an in-person, live, one-on-one three-hour training regarding sexual harassment in the workplace. This individual training shall cover the following topics: (1) boundaries in the workplace; (2) examples of verbal, physical, and digital harassment; (3) professional communications including respectful dialogue, tone, and appropriate workplace interactions; (4) understanding how authority or supervisory roles impacts interactions with subordinates; (5) recognizing when behavior is unwelcome; and (6) situational awareness and respect for personal space and privacy.

39. Owner/HR/Manager Training: Shall take place within ninety (90) days of the Effective Date and no later than August 1st of each subsequent year throughout the duration of the Decree. Each training session shall be videorecorded. Any person promoted or hired into management during the duration of the Decree shall view a video-recorded version of the Owner/HR/Manager training described herein within fifteen (15) days of starting the position. The training shall, at a minimum, include the following:

a. Description of the role and duties of the Monitor;

b. How to recognize sexual harassment and retaliation;

c. How to take preventative and corrective measures against harassment and retaliation;

d. Managers' responsibilities under Title VII and under the Policy;

e. How to handle complaints of sexual harassment or retaliation under the Policy, including how to report complaints to the Monitor;

f. How to prevent retaliation;

g. The role of the Monitor in managing and investigating complaints of sexual harassment and/or retaliation.

40. Employee Training. Shall take place within ninety (90) days of the Effective Date and no later than August 1st of each subsequent year throughout the duration of the Decree. Each training session shall be videorecorded. New employees shall receive training either in-person or by viewing a video recorded training session within fifteen (15) days of hiring. The training shall, at a minimum, include the following:

a. Instruction on employee's rights and responsibilities under Title VII, including Title VII's prohibition against sexual harassment and retaliation;

b. An overview of the Policy;

c. Introduction to and instruction regarding the role of the Monitor at Defendants' stores and offices;

d. Defendants' policies and procedures for reporting and handling complaints sexual harassment or retaliation;

e. the opportunity to submit questions to, and to receive answers from the Monitor;

f. Information on how to contact the Monitor.

41. Defendants agrees to provide EEOC with at least ten (10) days' notice before conducting training sessions pursuant to this section of the Decree. In the notice, Defendants shall notify EEOC of the dates on which training is scheduled and who has been invited to attend (name, job title). Within ten (10) business days following the training, Defendants shall provide EEOC with a roster of employees and/or management who attended the training.

42. Defendants agree to provide EEOC, upon request with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions in addition to a copy of the videorecorded training. Additionally, Defendants agree that the EEOC may, at the EEOC's discretion, be in attendance at each training session.

43. All costs incurred for the training required herein will be paid by Defendants.

## POSTING OF NOTICE

44. Within ten (10) business days from the Court's execution of this Decree, Defendants shall each post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit A to this Decree at Defendants' stores and offices in a conspicuous location, easily accessible to and commonly frequented by Defendants' employees. The Notice shall remain posted for the duration of this Decree. Defendants shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Within fifteen (15) business days from the Effective Date, Defendants shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

## MONITORING AND REPORTING

45. Defendant shall furnish to EEOC written reports annually for the duration of this Decree. The first report shall be due on December 15, 2026, and thereafter on September 1st of each subsequent year. Defendants may submit a single consolidated report on behalf of both entities, Renovation Flooring and Payfin, to satisfy this obligation. Each such Report shall contain:

a. A certification that the Notice required herein remained posted;
b. A certification that the training required by this Decree has been provided.
c. A description of each complaint of sexual harassment or

retaliation received by Defendants' Monitor during the previous year, whether verbal or written, formal or informal, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

d. A description of what action, if any, Defendants and/or the Monitor took in response to the complaint of discrimination;

e. The resolution of each complaint.

f. In the event there is no complaints of sexual harassment or retaliation, Defendants shall send the EEOC a "negative" report indicating no activity.

g. Each report shall be reviewed and signed by Defendants' Monitor.

46. The EEOC may review compliance with any and all provision of this Decree. As part of such review, EEOC may inspect Defendants' stores or offices, interview employees, and examine and copy documents related to the terms of this Decree. Defendants will make reasonable efforts to make all owners, managers, and employees available to EEOC and shall permit employees to speak confidentially with EEOC for purposes of verifying compliance with this Decree. EEOC agrees to provide Defendants with at least ten (10) days' notice prior to any inspection.

Docusign Envelope ID: D0427790-D738-81F3-8193-DFB9AA4EB3A7

## NOTIFICATION OF SUCCESSORS

47. Defendant shall provide prior written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchasers, successors, assigns, subsidiaries, affiliates or other corporation, entity or division with which Defendants may merge or consolidate. All such entities shall be bound by this Decree.

## DISPUTE RESOLUTION

48. In the event that any party believes that another party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party thirty (30) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has, in fact, complied. Notice to Defendants shall be sent via FedEx, signature required, to: Mike Anderson, 11714 Emerald Coast Pkwy W, Miramar Beach, FL 32550, with copy to Hand Arendall Harrison Sale, 304 Magnolia Drive, Panama City, Florida, 32401, ATTN: Robert Jackson, Esq. This time period may be extended by the parties by written agreement. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within thirty (30) calendar days (or such time period as otherwise agreed), the complaining party may apply to the Court for appropriate relief.

## COSTS

49. Each Party to this Decree shall bear all of its own costs associated with this lawsuit, including, but not limited to, attorney's fees, costs, and expenses. However, in the event EEOC successfully seeks enforcement of the Decree, the non-complying Defendants shall bear the costs of the enforcement action.

## NO CONDITIONS ON RECEIPT OF RELIEF

50. Defendants will not condition Ms. Brown or Ms. Gray's receipt of individual relief on their agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file any future charge with any federal or state anti-discrimination agency that is unrelated to this litigation; or (c) promise not to reapply in the future for a position, directly or indirectly, with Defendants.

IT IS SO ORDERED in PENSACOLA, Florida on October 8, 2026.

M. Casey Rodgers

M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

Docusign Envelope ID: D0427790-D738-81F3-8193-DFB9AA4EB3A7

**AGREED TO:**

**For Plaintiff U.S. Equal Employment Opportunity Commission:**

By: Kristen Foslid Digitally signed by Kristen Foslid Date: 2026.10.02 13:27:45 -04'00' Date: ____________

KRISTEN M. FOSLID
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 786-648-5835
*Attorney for Plaintiff U.S. EEOC*

**For Defendant Renovation Flooring, LLC:**

By: Mike Anderson Date: 10/2/2026

______________________________

Title: CEO

**For Defendant Payfin Enterprises, LLC:**

By: Mike Anderson Date: 10/2/2026

______________________________

Title: CEO

**EXHIBIT A**

Docusign Envelope ID: D0427790-D738-81F3-8193-DFB9AA4EB3A7

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1. This NOTICE to all employees of Renovation Flooring LLC and Payfin Enterprises, LLC is being posted and provided as part of a Consent Decree between both companies and the U.S. Equal Employment Opportunity Commission ("EEOC") in *EEOC v. Renovation Flooring LLC et al.*, Case No: 3:25-cv-01758-MCR-ZCB which alleged that Renovation Flooring LLC and Payfin Enterprises, LLC engaged in sex discrimination by permitting a former female employee to be subjected to sexual harassment and by retaliating against her for complaining about such harassment. Renovation Flooring LLC and Payfin Enterprises, LLC denied all of the allegations but, as part of the resolution of this matter, is providing this notice to you to reflect its commitment to a workplace free of discrimination and harassment.

2. Title VII of the Civil Rights Act of 1964 protects women from sex discrimination, including sexual harassment. Renovation Flooring LLC and Payfin Enterprises, LLC will not condone employment discrimination of any kind as set forth in the federal anti-discrimination laws.

3. If you have been subject to sexual harassment or have witnessed sexual harassment, you can report it to a neutral third party that will investigate your allegations. To report any sexual harassment that you have experienced or witnessed, please call [Phone Number of Monitor]. Renovation Flooring LLC and Payfin Enterprises, LLC will not retaliate against you for reporting sexual harassment. In addition, you may report sexual harassment to the Monitor anonymously.

4. You can also report sexual harassment, or any form of discrimination, to the Equal Employment Opportunity Commission—on behalf of yourself or on behalf of someone else. The EEOC is the federal agency responsible for enforcing the federal laws that prohibit workplace discrimination. EEOC maintains offices throughout the United States, and can be contacted at 1-800-669-4000 and www.eeoc.gov. You can contact the Miami District Office of the EEOC at 786-648-5790.